George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 205
Las Vegas, NV 89123
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com
Phone: (702) 880-5554
FAX: (702) 385-5518
*Attorneys for Plaintiff David Rodriguez, Jr.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| David Rodriguez, Jr.,<br><br>Plaintiff,<br>v.<br><br>Clarity Services, Inc.; Wahido Lending dba River Valley Loans; Community Choice Financial, Inc. dba Speedy Cash and Possible Financial Inc.,<br><br>Defendants. | Case No.: 2:26-cv-02421<br><br>**Plaintiff's Motion to Extend Time to Serve Clarity Services, Inc., Wahido Lending dba River Valley Loans and Community Choice Financial, Inc. dba Speedy Cash** |

David Rodriguez, Jr. ("Plaintiff") respectfully moves this Court, for an additional 60 days to serve Clarity Services, Inc., Wahido Lending dba River Valley Loans and Community Choice Financial, Inc. dba Speedy Cash ("Defendants") by or before **January 4, 2027**. This motion is based upon the accompanying Memorandum of Points and Authorities, all papers and records on file herein, and on such other information as the Court may choose to request.

## Memorandum of Points and Authorities

### I. Introduction

Plaintiff filed the initial Complaint in this action on August 6, 2026. Comp., ECF 1. Plaintiff seeks additional time to serve the Complaint upon Defendants. However, the 90 day period specified in Federal Rule of Civil Procedure 4(m) for Plaintiff to effectuate service on Defendants has expired. Accordingly, Plaintiff hereby requests an additional 60 days to effectuate service of the Complaint on Defendants by or before **January 4, 2027**.

### II. Legal Standard

Federal Rule of Civil Procedure 4(m) states "If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Ninth Circuit has stated that the provisions of Rule 4 should be given a liberal and flexible construction. *See United Food Commercial Workers Union Local 197 v. Alpha Beta Food Co.*, 736 F.2d 1371 (9th Cir. 1984). Many other courts have made similar statements. *See, e.g., Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968); *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942); *Insurance Co. of North America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545 (S.D.N.Y. 1980); *Nichols v. Surgitool, Inc.*, 419 F. Supp. 58 (W.D.N.Y. 1976); *Blackhawk Heating Plumbing Co. v. Turner*, 50 F.R.D. 144 (D.Ariz. 1970); *Adams Dairy Co. v. National Dairy Products Corp.*, 293 F. Supp. 1164 (W.D.Mo. 1968); *Hysell v. Murray*, 28 F.R.D. 584 (D. Iowa 1961); *Frasca v. Eubank*, 24 F.R.D. 268 (E.D.Pa. 1959); *James v. Russell F. Davis*,

*Inc.*, 163 F. Supp. 253 (N.D.Ind. 1958); *Blane v. Young*, 10 F.R.D. 109 (N.D.Ohio 1950); *Leigh v. Lynton*, 9 F.R.D. 28 (E.D.N.Y. 1949); *Zuckerman v. McCulley*, 7 F.R.D. 739 (E.D.Mo. 1948), *appeal dismissed*, 170 F.2d 1015 (8th Cir. 1948).

**III. Good cause exists for this Court to grant Plaintiff additional time to effectuate service on Defendants**

At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette* 923 F.2d 754, 755 (9th Cir. 1991). A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987).

Here, good cause exists for this Court to grant Plaintiff additional time to effectuate service because Plaintiff did not serve the Complaint upon Defendants prior to the period specified in Rule 4(m) due to excusable neglect. Although Plaintiff filed proposed summons to be issued, Plaintiff failed to send the issued summons out for service due to a clerical error by Plaintiff’s counsel’s office.

In addition, when considering the *Hart* factors, this Court should conclude that good cause exists to grant Plaintiff additional time to effectuate service:

**a) Defendants did not receive actual notice of the existence of the lawsuit**. Here, Defendants were not timely served with a summons and a copy of the initial Complaint, and to Plaintiff’s knowledge have not received actual notice of the lawsuit. Accordingly, Plaintiff respectfully requests additional time to effectuate proper service upon Defendants.

**b) Defendants would suffer no prejudice**. Defendants would not be prejudiced by delay in service of process because the delay will not be so significant that Defendants could not mount an effective defense once served.

c) **Plaintiff would be severely prejudiced**. Plaintiff would be severely prejudiced if Plaintiff's claims against Defendants are dismissed for failure to effectuate service because Plaintiff would be forced to re-file claims against Defendants to seek redress for the harms incurred due to Defendants' unlawful conduct described in the Complaint.

Plaintiff respectfully requests that this Court allow additional time to serve Defendants with the Complaint because good cause exists for the failure to timely serve Defendants.

## IV. Conclusion

For the foregoing reasons, Plaintiffs asks that this Motion be granted and the Court grant Plaintiff an additional 60 days to effectuate service of the Complaint on Defendants by or before **January 4, 2027**.

Dated this 5th day of November, 2026.

Respectfully submitted,

**FREEDOM LAW FIRM, LLC**
/s/ Gerardo Avalos
George Haines, Esq.
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026 the foregoing Motion was filed through this Court's electronic filing system.

**FREEDOM LAW FIRM, LLC**

/s/ *Gerardo Avalos*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Counsel for Plaintiff*

Plaintiff shall have an additional 60 days to effectuate service of the Complaint on Defendants by or before **January 4, 2027**.

IT IS SO ORDERED.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2026